UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. SA-20-CR- |
| Plaintiff, | § § § | **INDICTMENT** |
| v. | § § | CTS 1-4: 18 U.S.C. §1343 – Wire Fraud |
| **DAVID JOHN ONEAL,** | § § | CTS 5-6: 18 U.S.C. § 1028A – Aggravated Identity Theft |
| Defendant. | § § § | **NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE** |

SA20CR0400 OG

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. SeaWorld Parks and Entertainment Inc. is the parent company for SeaWorld of Texas, Inc. and is based in San Antonio, Texas. It operates the San Antonio Sea World Park (collectively "SeaWorld").

2. Defendant **DAVID JOHN ONEAL ("ONEAL")** is the owner of the company Wildly Creative Marketing, which purports to provide drone shows to various businesses and entities.

3. In or around January of 2018, a SeaWorld employee contacted **ONEAL** regarding hiring **ONEAL** to provide a drone show for SeaWorld in San Antonio, Texas. On or about May 7, 2018, **ONEAL** issued an invoice to SeaWorld for a deposit of $26,160 to be paid by check or wire to **ONEAL's** Capital One bank account.

4. Prior to making any deposit to **ONEAL** and to approve the drone show, SeaWorld requested several items of information from **ONEAL**. Federal Aviation Administration ("FAA")

1

rules governing drones requires that all drones must be labeled and registered. SeaWorld requested that **ONEAL** provide the small unmanned aircraft (sUAS) Certificates of Registration numbers for the thirty (30) drones he proposed to use in the aerial drone shows. On or about May 17, 2018, **ONEAL** emailed to a SeaWorld representative thirty (30) false sUAS Certificates of Registration numbers for the thirty (30) drones he proposed to use in the aerial drone show for SeaWorld. **ONEAL** (using the email address of **davidjohnoneal@gmail.com**) stated on the email that "[t]hese are the registration numbers we will be using for the aircraft as well, we have 30 total - 20 drones and 10 spare to register." The certificates were in the name of **ONEAL**'s company, "Wildly Creative Marketing." FAA records reveal that all thirty (30) sUAS Certificates of Registration were not registered to Wildly Creative Marketing and had been fraudulently altered.

5. SeaWorld requested that **ONEAL** provide the names and identifications of the pilots who **ONEAL** would employ for the drone show. SeaWorld needed to ensure that **ONEAL** was able to employ certified pilots to conduct the drone show. In response to this request, on or about May 17, 2018, Oneal emailed (using the email address of **davidjohnoneal@gmail.com**) pictures of the FAA Remote Pilot Certificates of the two pilots (Pilot #1 and Pilot #2). **ONEAL** false claimed these pilots had agreed to pilot the drones for drone show. The Remote Pilot Certificates for the two pilots contained personal identifying information of those pilots. In truth, neither drone pilot had agreed to pilot drones for the SeaWorld done show nor provide pilot services for **ONEAL**. The pilots did not agree or consent to **ONEAL** sending their Remote Pilot Certificates and personal information to SeaWorld.

6. An FAA waiver is necessary in order to operate a drone show. SeaWorld requested FAA waivers from **ONEAL** to determine if the show could legally be held. On or about May 17,

2

2018, **ONEAL** emailed (using the email address of **davidjohnoneal@gmail.com**) a SeaWorld representative two documents purporting to be FAA waivers. FAA records reveal that these waivers were fraudulent and had been altered from valid waivers that had since expired. SeaWorld relied upon the waivers as being valid.

7.  SeaWorld requested that **ONEAL** provide a valid insurance certificate. On or about May 18, 2018, **ONEAL** emailed (using the email address of **davidjohnoneal@gmail.com**) a document purporting to be a certificate of liability insurance from HISCOX Insurance Company, Inc. ("HISCOX") to a SeaWorld representative. HISCOX is an authorized insurer in California. The certificate of liability insurance send to SeaWorld was fraudulent, invalid and had been altered in several respects. At the time **ONEAL** sent the certificate of liability insurance, **ONEAL** did not have a valid commercial liability policy with HISCOX. SeaWorld relied upon the certificate of liability insurance being truthful in deciding whether to contract and pay a deposit to **ONEAL** for the drone show.

8.  SeaWorld relied upon the information described above (sUAS Certificates, pilot information, FAA Waivers, and insurance policy) sent by **ONEAL** to be truthful and accurate. Based upon these representations, SeaWorld sent a check in the amount of $26,160 to Oneal on or about May 22, 2018 through Federal Express. That check was cleared on or about May 25, 2018 and deposited into a bank account controlled by **ONEAL**.

9.  On or about June 14, 2018, SeaWorld sent **ONEAL** a second payment of $18,980 through a wire transfer from a bank account controlled by SeaWorld to a bank account controlled by Oneal.

10. Despite these payments made by SeaWorld, ONEAL failed to perform any of the drone shows he contractually agreed to perform for SeaWorld, and has failed to return any of the funds paid by SeaWorld.

11. The allegations contained in Paragraphs 1 through 10 are incorporated in each and every Count of this Indictment.

## COUNTS ONE THROUGH FOUR
(Wire Fraud)
(18 U.S.C. §1343)

### THE SCHEME TO DEFRAUD

11. From on or about January 1, 2018, to on or about September 1, 2018, Defendant **DAVID JOHN ONEAL** devised and intended to devise a scheme to defraud SeaWorld, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

12. In order to induce SeaWorld to pay a deposit for a drone show that **ONEAL** agreed to perform, **ONEAL** sent through email false, fraudulent, and misleading documents and information to SeaWorld. As described above in Paragraphs 1-10, on or about May 17-18, 2018, **ONEAL** sent to SeaWorld false sUAS Certificates of Registration, false pilot information, false FAA waivers, and a false certificate of insurance. SeaWorld relied upon these documents and information as being truthful and paid a deposit to **ONEAL** of $26,160 on or about May 22, 2018 (through Federal Express) and of $18,980 on or about June 14, 2018 (through wire transfer).

4

## EXECUTION OF THE SCHEME

13. On or about the following dates, in the Western District of Texas and elsewhere, the Defendant,

**DAVID JOHN ONEAL**

having devised and intended to devise the aforesaid scheme, for the purpose of executing said scheme, and attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals and sounds to and from the Western District of Texas, as described below.

| COUNT | DATE | ORIGINATING TRANSACTION | DESTINATION |
|---|---|---|---|
| 1 | May 17, 2018 | Electronic message from **ONEAL** sending false sAUS Certificates of Registration using davidjohnoneal@gmail.com | Email account of SeaWorld representative |
| 2 | May 17, 2018 | Electronic message from **ONEAL** sending pilot information using davidjohnoneal@gmail.com | Email account of SeaWorld representative |
| 3 | May 17, 2018 | Electronic message from **ONEAL** sending false FAA waivers using davidjohnoneal@gmail.com | Email account of SeaWorld representative |
| 4 | May 18, 2018 | Electronic message from **ONEAL** sending false certificate of insurance using davidjohnoneal@gmail.com | Email account of SeaWorld representative |

All in violation of Title 18, United States Code, Section 1343.

## COUNT FIVE
### Aggravated Identity Theft
### [18 U.S.C. § 1028A]

14. Count Five incorporates by reference, as if fully set forth herein, Paragraphs 1-13 of this Indictment.

15. On or about May 17, 2018, in the Western District of Texas and elsewhere, the Defendant,

### DAVID JOHN ONEAL

did knowingly use, and aid, abet, induce, and procure the use of, without lawful authority, a means of identification of another person, to wit, a Federal Aviation Administration issued Remote Pilot Certificate, which included pilot #1's name, address, date of birth, and unique remote pilot certificate number during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely Wire Fraud, as charged in Count Two of this Indictment, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT SIX
### Aggravated Identity Theft
### [18 U.S.C. § 1028A]

14. Count Six incorporates by reference, as if fully set forth herein, Paragraphs 1-13 of this Indictment.

15. On or about May 17, 2018, in the Western District of Texas and elsewhere, the Defendant,

### DAVID JOHN ONEAL

did knowingly use, and aid, abet, induce, and procure the use of, without lawful authority, a means of identification of another person, to wit, a Federal Aviation Administration issued

6

Remote Pilot Certificate, which included pilot #2's name, address, date of birth, and unique remote pilot certificate number during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely Wire Fraud, as charged in Count Two of this Indictment, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

This Notice of Demand for Forfeiture includes but is not limited to the property described below in Paragraphs II-III.

### I.
### Wire Fraud and Production and Forfeiture Statutes
[Title 18 U.S.C. §§ 1028(a)(1), (a)(2), (b)(1), and (f) and 1343, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts One through Four, the United States of America gives notice to Defendants of its intent to seek the forfeiture of property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 981. Civil forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> * * *
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section . . . or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Wire Fraud is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

## II.
## Money Judgment

An amount of money which represents the amount of proceeds obtained directly or indirectly as a result of the violations set forth above for which all Defendants are jointly and severally liable.

## III.
## Substitute Assets

If any of the property described above, as a result of any act or omission of Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek the forfeiture of any other property owned by Defendants up to the value of the Money Judgment as substitute assets pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(p).

A TRUE BILL

███████████████

FOREPERSON OF THE GRAND JURY

JOHN F. BASH.
United States Attorney

By: *[signature]*

JOSEPH E. BLACKWELL
Assistant United States Attorney